**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LEWIS I. HAGAN, et al.,                    :        Civil Case No.: 06-5033 (SRC)

                    :

          Plaintiffs,        :

                    :

          v.             :             **O P I N I O N**

                    :

GRACE ROGERS, Administrator,    :
et al.,                   :

                    :

          Defendants.        :

---

**APPEARANCES:**

          Lewis I. Hagan, Pro Se
          #168433B
          James Hemphill, Pro Se
          #603360A
          Efraim Esquilin, Pro Se
          #174029C
          Christopher Mark, Pro Se
          #808711C
          William Weiss, Pro Se
          #404750C
          Christos Papacristos, Pro Se
          #838176C
          Louis George Johnston, Pro Se
          #436856B
          Tymil Mason, Pro Se
          #502796D
          Claude Franklin, Pro Se
          #104811B
          Peter Braun, Pro Se
          #786615A
          Oliver Mason, Pro Se
          #0878271
          Toboris Wright, Pro Se
          #119025D
          Ronald Young, Pro Se
          #317908D
          Allan Lovenson, Pro Se
          #522094C

Adult Diagnostic & Treatment Center
8 Production Way
P.O. Box 190
Avenel, NJ 07001

**CHESLER**, District Judge

Plaintiffs, listed above, inmates at the Adult Diagnostic and Treatment Center ("ADTC"), Avenel, New Jersey, have submitted this Complaint under 42 U.S.C. § 1983. They ask for class certification. Each has submitted an application to proceed in forma pauperis.

The Court must determine whether class certification or joinder of these claims and plaintiffs is appropriate, and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## BACKGROUND[1]

Plaintiffs argue that they are in fear of catching scabies, a condition commonly referred to at the ADTC as "Itchy Scratchy." According to Plaintiffs, at least "a hundred inmates, guards and civilian visitors have caught scabies." Plaintiffs allege the disease is caused by recycled air and lack of clean air.

Plaintiffs also allege that the Administration has taken away the bleach used to clean, and thus, the inmates cannot cut down on the spreading of the condition.

---

[1] These facts are taken from the Complaint and are accepted as true for purposes of this Opinion.

Plaintiffs state that the Administration has refused to acknowledge the outbreak and has put their lives in risk, which is emotionally distressing.  Plaintiffs state that the Administration is refusing to deal with the outbreak because of monetary concerns.  Plaintiffs do not allege whether or not they suffer from the condition, or are otherwise harmed.

Plaintiffs ask for monetary and injunctive relief.

### ANALYSIS

Title 28 of the United States Code, section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be

3

required to pay the full amount of a filing fee," requires each
prisoner to bring a separate suit and, to the extent that
statutory language actually conflicts with Rule 20, the statute
repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found
no irreconcilable conflict between § 1915(b)(1) and Rule 20 and
held that district courts must accept complaints filed by
multiple prisoners if the criteria of permissive joinder are
satisfied.  See Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004).
Nevertheless, the Seventh Circuit held that each prisoner joining
in a multiple-prisoner civil action must pay the full filing fee
in order to comply with the clear language of § 1915(b)(1) and to
satisfy the financial incentive of the statute to deter frivolous
prisoner actions.  See id. at 855-56.

Whether or not there is an inherent conflict between
§ 1915(b) and Rule 20, at least two district courts have found
that the impracticalities inherent in multiple-prisoner
litigation militate against the permissive joinder allowed by
Rule 20.  See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.
Ind. April 12, 2006); Swenson v. MacDonald, 2006 WL 240233 (D.
Mont. Jan. 30, 2006).  Among the difficulties noted by these
courts are the need for each plaintiff to sign the pleadings, and
the consequent possibilities that documents may be changed as
they are circulated or that prisoners may seek to compel prison

4

authorities to permit them to gather to discuss the joint
litigation.  These two district courts have also noted that jail
populations are notably transitory, making joint litigation
difficult.  A final consideration for the District Court for the
District of Montana was the possibility that "coercion, subtle or
not, frequently plays a role in relations between inmates."
Swenson, 2006 WL 240233 at *4.

This Court finds the reasoning of these district courts
persuasive.  Prisoners are not in the same situation as non-
prisoner joint plaintiffs; prisoners' circumstances make joint
litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that
require individualized screening pursuant to 28 U.S.C.
§ 1915(e)(2).  The adequacy of the claim alleged by each
Plaintiff is dependent upon his individual medical need and the
behavior of prison officials with respect to that individual
Plaintiff.  Joinder of their claims, however, would permit all
Plaintiffs to avoid the risk of a "strike" under § 1915(g) if
even one Plaintiff states a claim, because § 1915(g) imposes a
strike only if the entire action is dismissed. For all of the
foregoing reasons, joinder is not appropriate.

Plaintiffs' request for certification as a class action is
also denied.  Pursuant to Rule 23 of the Federal Rules of Civil
Procedure, one or more members of a class may sue as

representative parties on behalf of all "only if (1) the class is
so numerous that joinder of all members is impracticable, (2)
there are questions or law or fact common to the class, (3) the
claims . . . of the representative parties are typical of the
claims . . . of the class, and (4) the representative parties
will fairly and adequately protect the interests of the class."
Fed. R. Civ. P. 23(a). As noted, in this case, the claims of the
representative party may not be typical of the claims of the
class. The purported class would include inmates that have
suffered life-threatening injuries as a result of the alleged
policies of defendants, as well as inmates who suffered
relatively minor, or no, physical injuries. Furthermore, the
treatment received by each member of the class may vary. In
light of the disparate factual circumstances of class members,
especially the difference in regard to medical needs and injury,
a class action is undesirable. Additionally, "a prisoner
proceeding pro se may not seek relief on behalf of his fellow
inmates." Alexander v. New Jersey State Parole Board, 160 Fed.
Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams,
509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit
[an] imprisoned litigant who is unassisted by counsel to
represent his fellow inmates in a class action.")). Accordingly,
this Court will not permit this action to proceed as a class
action.

6

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss all but the lead Plaintiff from this case. Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action. Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Plaintiffs also ask the Court to appoint counsel for them in this action. The Court has discretion pursuant to 28 U.S.C. § 1915(e)(1) to appoint counsel for indigent civil rights plaintiffs. See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). At this stage of litigation, where defendants have not yet been served, the appointment of counsel is premature.

### CONCLUSION

For the reasons set forth herein, this Court finds that neither class certification nor joinder of Plaintiffs' claims under Rule 20 is suitable. An appropriate Order follows.

STANLEY R. CHESLER
United States District Judge

DATED: 1/24/07

7